JiROBERT M. MURPHY, Judge Pro Tem.
Defendant Clara M. Lecoq appeals her conviction and sentence for theft, a violation of LSA-R.S. 14:67. We affirm.
The Jefferson Parish District Attorney filed a bill of information charging the defendant with theft of U.S. Currency valued at over $500.00 from Maison Blanche. At the arraignment, defendant pled not guilty. Defendant filed a motion to suppress, which the trial court denied. Subsequently the defendant withdrew her former plea of not guilty and pled guilty to R.S. 14:67(F)(3), reserving the right to appeal the denial of the motion to suppress evidence pursuant to State v. Crosby, 338 So.2d 584 (La.1976). In accordance with the terms of the plea agreement, the trial court sentenced the defendant to serve 18 months imprisonment at hard labor, suspended the sentence and placed the defendant on three years active probation subject to several special conditions. Defendant filed a timely motion for appeal which was granted by the trial judge.
FACTS AND TESTIMONY
Deputy Shawn Cursain of the Jefferson Parish Sheriff’s Office testified at the suppression hearing. The officer stated that at approximately 4:13 p.m. on March 20, 1997, he was dispatched to the Maison Blanche at 124500 Veterans Boulevard. When he arrived, the defendant was being detained by Maison Blanche’s Loss Prevention personnel. Deputy Cursain testified that he verbally advised the defendant of her Miranda rights and further, that she executed a written voluntary waiver of rights form which he read to defendant prior to her signing it. Additionally, the officer stated that the defendant told him, “I removed the money from the till.” The defendant further told him that:
*1251 she had been taking money from the till without ringing up any sales and placing it in her pocket — voluntarily to us — for some period of time.
The officer testified that it took approximately one half hour to “Mirandize” the defendant. He was not aware of any medical problems which the defendant may have had, and she appeared to understand the proceedings.
Defendant testified that she is a diabetic and that she needs to eat every four hours. She stated that she had been detained at approximately 1:30 p.m. to 2:00 p.m. by store security, and still had not eaten by the time she made the statement. Defendant testified that she felt weak and lightheaded, but that she felt that she was able to answer the questions. She denied that she took the money. The defendant further stated that the store security guard had questioned her before Deputy Cursain arrived, and he had told her that she would make it easier on herself if she admitted that she took the money. The defendant testified that the security person told her that if she did not admit that she took the money, she could go to jail. She said that the security officer also made her “put down figures” and that she 18“put down what he wanted [her] to put down.” The defendant stated that her confession or statement was not voluntary and that she thought that “it was the best thing to do” and believed that she would pay restitution and still have her job. Finally, the defendant testified on cross-examination that by the time the deputy arrived, she was “really sick and upset” and did not “know what [she] was saying;” however, she admitted that she did not tell the deputy that she felt lightheaded or that she did not want to make the statement.
On appeal, defendant avers that the trial court erred in denying her motion to suppress the confession.
ANALYSIS
Defendant contends that the trial court improperly refused to suppress her confession because it was obtained under duress, since she is a diabetic and was feeling weak after not eating for several hours. She further contends that her confession was induced by the threat of going to jail. For these reasons, defendant argues that her confession was not given freely and voluntarily, and should have been suppressed.
Before a confession or inculpatory statement made during a custodial interrogation may be introduced into evidence, the state must prove beyond a reasonable doubt that the defendant was first advised of his Miranda rights and that the statement was made freely and voluntarily and not under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); LSA-R.S. 15:451; State v. Comeaux, 93-2729, p. 47 (La.7/1/97), 699 So.2d 16, 29; State v. McCorkle, 97-966 (La.App. 5 Cir. 2/25/98), So.2d 1212. A determination of voluntariness is made on a case-by-case basis, depending on the facts and circumstances of each situation. State v. Snyder, 97-226, p. 9 (La. App. 5 Cir. 9/30/97), 700 So.2d 1082, 1087. The admission of a confession or statement is a question for the trial judge and his conclusions on the credibility and weight of the testimony regarding the voluntary nature of the confession or statement is entitled to great weight and will not be overturned on appeal unless it is not supported by the evidence. State v. Green, 94-0887, p. 11 (La.5/22/95), 655 So.2d 272, 281; State v. Davis, 95-1059, p. 6 (La.App. 5 Cir. 11/14/96), 685 So.2d 276, 279, writ denied, 97-0829 (La.11/21/97), 703 So.2d 1298.
In the present case, the trial court heard testimony from both Deputy Cursain and the defendant, and apparently gave more credence to the testimony of Deputy Cursain. In fact, defendant herself admitted that, despite her weakness and lightheadedness, she felt that she was able to answer the questions. Nothing in her testimony supports a conclusion that her diabetic condition affected the knowingness and voluntariness of her confession.
Relative to the question of whether her confession was induced by threats of going to jail, the trial court did not err in finding that the confession was voluntary. In State v. Lavalais, 95-0320 (La.11/25/96), 685 So.2d 1048, cert. denied, — U.S. -, 118 S.Ct. 85, 139 L.Ed.2d 42 (1997), the Louisiana Su *1252 preme Court noted that the test for volun-tariness ^requires a review of the totality of the circumstances under which the statement was given and that any inducement offered is only one factor in the analysis. Id., at 1053. The Lavalais court also stated that suggestions that a defendant would be better off to cooperate are not “promises or inducements designed to extract a confession.” Id. (citations omitted).
Thus, even accepting defendant’s version of the facts, under the circumstances of the present case, we find no error on the part of the trial court. This assignment of error is without merit.
ERROR PATENT ANALYSIS
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983). Further, this court has found that determination of whether the trial court complied with La.Code Crim. Pro. Art 556.1 is also within the scope of an error patent review. State v. Reynolds, 98-KA170, 716 So.2d 485 (La.App. 5 Cir.1998); State v. Stamp, 718 So.2d 531 (La.App. 5 Cir.1998). The comments to article 556.1 state that it conforms to the Louisiana Supreme Court’s Jacksovr-Boykin[1] three right articulation rule. Consequently, a review of the court’s compliance with LSA-C.Cr. P. art. 556.1 will encompass the issue of whether the defendant was properly “Boykinized”. In the present case, the mandates of article 556.1 were appropriately followed.
| (¡The record does reflect that the trial judge failed to accurately advise defendant of the time limitations that govern filing applications for post-conviction relief as required by LSA-C.Cr.P. art. 930.8(C). Paragraph A of that article provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post-conviction relief. Here, the trial judge informed defendant that there was a “three-year time period during which to seek post-conviction relief.” Accordingly, the trial court is directed to inform defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending an appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
Finally, we note that the commitment reflects that defendant pled guilty to theft of more than one hundred dollars, but the transcript reflects that defendant pled guilty as charged to theft having a value of over $500.00. Generally, where there is a discrepancy between the minute entry and transcript, the transcript should prevail. State v. Kershaw, supra. Therefore, we hereby order that commitment form be amended to conform with the transcript in that the defendant pled guilty to theft of more than $500.00.
DECREE
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) was adopted by the Louisiana Supreme Court in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).