735 So.2d 866 (1999)
STATE of Louisiana
v.
Reginald D. WATTS.
No. 98-KA-1073.
Court of Appeal of Louisiana, Fifth Circuit.
May 19, 1999.
*868 Laurie A. White, New Orleans, Louisiana, Attorney for Appellant Reginald D. Watts.
Paul D. Connick, Jr., District Attorney, 24th Judicial District Court, Thomas J. ButlerCounsel of Record on Appeal, Terry M. BoudreauxAppellate Counsel, Thomas S. BlockTrial Counsel, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and SUSAN M. CHEHARDY.
CANNELLA, Judge.
Defendant, Reginald D. Watts, appeals from his conviction for first degree robbery and sentence, as a third offender, to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. For the reasons which follow, we affirm the conviction and enhanced sentence and remand.
On August 12, 1996, the Jefferson Parish District Attorney filed a bill of information against the defendant, Reginald D. Watts, charging him with one count of armed robbery, a violation of La. R.S. 14:64 (Count 1), and one count of first degree robbery, a violation of La. R.S. 14:64.1 (Count 2). At the arraignment on September 17, 1996, the defendant pled not guilty.
On January 14, 1998, the defendant filed a motion to suppress confessions and/or inculpatory statements, which the trial court denied after a hearing on the same day. Also on this day, the State severed the counts and announced its intention to try the defendant only on count 2. The next day, the defendant was tried before a jury of twelve persons. At the conclusion of the trial, the jury found the defendant guilty. The defendant waived a polling of the jury. On February 27, 1998, the trial judge sentenced the defendant to serve 25 years imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Also, the State filed an habitual offender bill of information, alleging the defendant to be a third felony offender, pursuant to La. R.S. 15:529.1.
After a hearing on July 28, 1998, the trial judge adjudicated the defendant to be a third felony offender, vacated the defendant's original sentence and imposed an enhanced sentence of life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence. It is from this conviction and sentence that defendant now appeals.
The facts, as adduced from the trial testimony, are as follows. On the night of April 1, 1996, Deputy Fernandez of the Jefferson Parish Sheriff's Office responded to a call of a robbery in progress at the Shell station located at 2401 Jefferson Highway. Deputy Fernandez testified that when he arrived, a lady in the parking lot who was pumping gas told him that she had seen a black male robbing the store and forcing the cashier into the back room.
*869 Orville Eskine (Eskine) was the cashier on duty that evening. Eskine testified that a man entered the station, picked up a sandwich from the cooler and attempted to heat it in the microwave. The man requested some napkins. When Eskine brought the man the napkins, the man put something hard "that felt like a gun" into his back. The man kept the hard object pressed to Eskine's back and then brought Eskine over to the register and told him to open it. Eskine complied. The man then ordered Eskine to go into the back room and to lie on the floor. Thinking the man was gone, Eskine went out into the store, but the man was still there and ordered Eskine back into the room. Mr. Eskine waited sometime, then walked out of the back room to find that the man had left the store. Thereafter, Eskine called the police.
Deputy Fernandez spoke with Eskine and broadcast Eskine's description of the perpetrator over the police radio. The officer also retrieved a video surveillance tape of the robbery, which was admitted into evidence and played for the jury at trial. Deputy Fernandez testified at trial that Eskine told him that the perpetrator had put something hard into his back, which he believed to be a weapon.
Eskine testified at trial that he told the police that he believed that the man had a weapon. He testified that the object did not feel like a finger or a fist. Eskine admitted that he was unable to make a positive identification from photographs he was shown by the police. However, he positively identified the defendant at trial as the perpetrator.
Finally, Detective Daniel J. O'Neil testified that he had interviewed the defendant on May 22, 1996 in connection with this robbery. He testified that he told the defendant that he was under investigation concerning a first degree robbery. After the detective advised the defendant of his Miranda rights, the defendant gave an audiotape recorded statement in which he admitted that he had robbed the Shell station. Defendant stated that he had grabbed the cashier and told him to open the register, but denied that he had a weapon. The audiotape was played for the jury and the tape and a transcription were admitted into evidence.
On appeal, defendant assigns four errors.

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error, defendant argues that the trial court erred in admitting his inculpatory statement into evidence. More particularly, the defendant argues that his statement was not freely and voluntarily made because it was given as a result of police inducement and during a time when defendant was intoxicated.
Before a confession or inculpatory statement, made during a custodial interrogation, may be introduced into evidence, the State must prove beyond a reasonable doubt that the defendant was first advised of his Miranda rights and that the statement was made freely and voluntarily and not under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); La. R.S. 15:451; State v. Comeaux, 93-2729, p. 47 (La.7/1/97), 699 So.2d 16, 29, cert. denied, ___ U.S. ___, 118 S.Ct. 1169, 140 L.Ed.2d 179 (1998); State v. Lecoq, 98-286 (La.App. 5th Cir. 8/25/98), 717 So.2d 1249. A determination of voluntariness is made on a case-by-case basis, depending on the facts and circumstances of each situation. State v. Snyder, 97-226, p. 9 (La.App. 5th Cir. 9/30/97), 700 So.2d 1082, 1087. The admissibility of a confession or statement is a determination for the trial judge and his or her conclusions on the credibility and weight of the testimony relating to the voluntary nature of the confession or statement will not be overturned unless unsupported by the evidence. State v. Green, 94-0887, p. 11 *870 (La.5/22/95), 655 So.2d 272, 281; State v. Johnson, 97-867 (La.App. 5th Cir. 4/15/98), 711 So.2d 848, 851, writ denied, 98-1293 (La.10/09/98), 726 So.2d 20.
On May 22, 1996, Detectives O'Neil and Giron interviewed the defendant concerning the April 1, 1996 robbery at the Shell station located at 2401 Jefferson Highway. The record reflects that after being advised of his rights, the defendant admitted that he had robbed the Shell station, but denied that he had implied to the victim that he had a weapon.
At the suppression hearing, Detective O'Neil testified that he advised the defendant of his Miranda rights before the defendant made the statement. Detective O'Neil testified that these rights were contained on a waiver of rights form signed by the defendant and which was completed at 2:49 p.m. The recorded statement commenced at 3:24 p.m. Detective O'Neil further testified that the defendant understood his rights, that he did not promise anything of value to the defendant or threaten, coerce, or intimidate the defendant to give the statement. Detective O'Neil testified that he had asked defendant if he wanted a lawyer and defendant replied negatively. Detective O'Neil identified the tape recorded statement of the defendant and testified that the defendant initialed the front of the tape.
Detective Giron testified that he was present when Detective O'Neil advised the defendant of his rights and that he was present throughout the entirety of the statement. Detective Giron likewise testified that he did not promise the defendant anything of value in exchange for his statement, or coerce him or intimidate him to give a statement. Both officers testified that the defendant's statement was freely and voluntarily given. Additionally, according to the statement, the defendant stated that he was advised of his rights, signed a form waiving his rights, understood his rights and further stated that no one was forcing him to give the statement.
Defendant contends that his inculpatory statement was not voluntary because of inducements by Detective O'Neil. Defendant relies on the following excerpt from the suppression hearing where defense counsel asked Detective O'Neil if he told defendant that he would try to assist him in any way:
A (Detective O'Neil):
I told him that the only way the Court would know his opinion is if he gave me a statement or his 
Q (Defense counsel):
So you told him that the only way the Court would find out his side of the story was by him giving a statement?
A: Correct.
Q: You didn't tell him that perhaps a lawyer could tell the Court his side of the story at some point in time?
A: No, no.
The test for voluntariness requires a review of the totality of the circumstances under which the statement was given and any inducement offered is only one factor in the analysis. State v. Lavalais, 95-0320 (La.11/25/96), 685 So.2d 1048, 1053, cert. denied, ___ U.S. ___, 118 S.Ct. 85, 139 L.Ed.2d 42 (1997). Suggestions that a defendant would be better off to cooperate are not "`promises or inducements designed to extract a confession.'" Id. (citations omitted). Additionally, a confession is not rendered inadmissible because officers "exhort or adjure" an accused to tell the truth, provided the exhortation is not accompanied by an inducement in the nature of a threat or which implies a promise of reward. State v. Robertson, 97-0177 (La.3/4/98), 712 So.2d 8, 31, cert. denied, ___ U.S. ___, 119 S.Ct. 190, 142 L.Ed.2d 155.[1]
*871 In this case, the officer's remark to the defendant that he could get his side of the story before the court by telling it to the officer does not rise to the level of an inducement that infringes on the free and voluntary nature of the statement. The record contains the uncontradicted testimony of two officers indicating that the defendant was advised of his Miranda rights and then waived them. The record contains a waiver of rights form signed by the defendant, as well as the defendant's transcribed statement that indicates he understood his rights and freely chose to give a statement.
Next the defendant argues that his statement was involuntary because it was given while he was intoxicated. Defendant further states that "the record is devoid of any evidence about his physical and mental condition at the time of his inculpatory statements and/or at the time of the alleged crime." In support of his argument, the defendant excerpts a colloquy between the defendant and the trial judge at the suppression hearing. Immediately prior to this colloquy, the state had informed the court that it would excise from the defendant's statement references to the defendant's committing the robbery to support his crack habit. Defense counsel responded that the defendant did not want the controversial portion of the statement to be excluded, but rather, defendant desired the jury to know that he had robbed the store to support his crack habit. The trial judge then advised defendant of the consequences of his decision:
THE COURT:
Mr. Watts, you heard the exchange between the two attorneys, do you want this information to go before the jury, that you have a crack habit?
THE DEFENDANT:
Yes, Your Honor.
THE COURT:
Do you realize it could have an adverse affect during the course of a trial before a jury?
THE DEFENDANT:
Yes, I do.
THE COURT:
And you still want to do it?
THE DEFENDANT:
Yes, sir.
THE COURT:
All right.
It appears that defendant's position is that his statement was rendered involuntary because he was intoxicated by crack cocaine when he made the inculpatory statement, as evidenced by this testimony that defendant has a crack habit.
Intoxication renders a statement involuntary only when the intoxication is of such a degree that it negates the defendant's comprehension and renders him or her unconscious of the consequences of what he or she is saying. State v. Narcisse, 426 So.2d 118, 125-125 (La.1983), cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983); State v. Leeming, 612 So.2d 308, 312 (La.App. 5th Cir.1992), writ denied, 616 So.2d 681 (La.1993). Whether intoxication exists and is of a degree sufficient to vitiate the voluntariness of the confession are questions of fact and a trial judge's conclusions on this issue will not be disturbed unless unsupported by the evidence. Id.
In the present case, there is not one scintilla of evidence to suggest that the defendant was under the influence of crack cocaine or any other intoxicating substance at the time he made the statement. While the defendant said in his statement that his motivation for the robbery was to support his crack habit, he did not state that he was under the influence of the drug at the time of giving the statement or at the time of the commission of the offense. Moreover, during the statement, the defendant answered questions and spoke to the officers with no apparent difficulty. The record is void of any evidence of intoxication. Based on the foregoing, we find that the record does not support the defendant's *872 contention that his statement was not voluntary because of intoxication.
Therefore, under the totality of the circumstances, we find that the trial judge correctly concluded that the defendant's statement was freely and voluntarily given.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error the defendant argues that he was denied his constitutional right to effective assistance of counsel. More particularly, defendant argues that his counsel was ineffective in not putting before the trial court and jury his medical infirmity, a substance abuse disorder.
The State argues that this issue should not be considered on appeal, but is appropriately raised by post-conviction application.
A claim of ineffective assistance of counsel is most appropriately addressed through an application for post conviction relief rather than direct appeal, so as to afford the parties an adequate record for review. State v. Truitt, 500 So.2d 355, 359 (La.1987); State v. Campbell, 97-369 (La. App. 5th Cir. 11/25/97), 703 So.2d 1358, 1360. However, where the record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780, 787 (La.1993); State v. Campbell, supra.
We note that in similar cases, it was held that the issue should be raised by post conviction application. For example, in State v. Hart, 96-0697 (La.3/7/97), 691 So.2d 651, 661, the Louisiana Supreme Court held that the record was insufficient to fully explore the defendant's claims of ineffective assistance of counsel where the defendant asserted, inter alia, that his counsel was ineffective for failing to raise an insanity defense. Also, in State v. Zapata, 97-1230 (La.App. 5th Cir. 5/27/98), 713 So.2d 1152, 1163, writ denied, 98-1766 (La.11/06/98), 727 So.2d 443, this court noted that because decisions about the defenses to present may be related to counsel's choices for trial strategy, an evaluation of a claim of ineffectiveness for the failure to present a particular defense can best be made after an evidentiary hearing.
We agree with these cases. When the question of counsel competence involves what defenses he should have asserted or the defendant's sanity and the record does not contain sufficient evidence to decide the issue, evaluation of the claim of ineffectiveness of counsel can best be made after an evidentiary hearing and by post conviction application.
In light of the foregoing, we find that defendant's claim of ineffectiveness is more properly addressed by an application of post conviction relief where any evidence of a defect suffered by defendant or counsel's reasons for not presenting it could be developed in an evidentiary hearing.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER THREE
By this assignment of error defendant argues that the trial court erred in its jury instructions and, as a result, the conviction should be set aside. More particularly, the defendant cites the following passage as erroneous:
Specific criminal intent is that state of mind which exists when the circumstances indicate that the defendant actively desired the prescribed criminal consequences to follow his act or failure to act.
General criminal intent is present whenever there is specific intent, and also when circumstances indicate that the offender in the ordinary course of human experience, must have averted (sic) to the prescribed criminal consequences, as reasonably certain to result from his act or failure to act. *873 Whether criminal intent is present must be determined in light of ordinary experience. Intent is a question of fact which may be inferred, from the circumstances.
However, the defendant does not elaborate on what is erroneous about this charge. The defense does state that "the facts herein do not indicate the defendant's specific intent to commit first degree robbery...." Thus, we assume that defendant's complaint has to do with the specific intent part of the charge.
As pointed out by the State, there are several problems with this argument. First, defendant did not make a contemporaneous objection to the charge to preserve his right to raise the issue on appeal. La.C.Cr.P. art. 801. Furthermore, however, we note that the crime with which defendant was charged, first degree robbery, requires only proof of general criminal intent, not specific intent as defendant claims.
La. R.S. 14:11 governs the criminal intent required under the statutory definitions of crimes and provides:
The definitions of some crimes require a specific criminal intent, while in others no intent is required. Some crimes consist merely of criminal negligence that produces criminal consequences. However, in the absence of qualifying provisions, the terms "intent" and "intentional" have reference to "general criminal intent."
La. R.S. 14:64.1(A) defines first degree robbery as follows:
First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.
Because there are no qualifying provisions in La. R.S. 14:64.1, the plain language of the statute indicates that first degree robbery is a general criminal intent offense. In State v. Horne, 554 So.2d 820, 825 (La.App. 5th Cir.1989), this Court recognized that robbery is a crime that requires general criminal intent.
Additionally, the defendant fails to identify any legal defect in the challenged portion of the jury instructions. For these reasons, we find no reversible error in the jury instructions.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER FOUR
By this assignment of error the defendant contends that the trial court erred in determining that he was an habitual offender. More specifically, defendant contends that the State failed to prove that the predicate guilty pleas were free and voluntary and that the defendant was the same person, by fingerprints, who pled guilty in the predicate cases.
At the outset, the State notes that the defendant has waived his right to raise these issues on appeal because he did not object to the sufficiency of the fingerprint evidence or to the constitutionality of the prior predicate pleas, relying on La. R.S. 15:529.1(D)(1)(b). That provision states in pertinent part that "[a]ny challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence." This position has been affirmed by the Supreme Court in State v. Windham, 630 So.2d 688 (La.1993).
The State further notes that La. R.S. 15:529.1(D)(1)(b) requires that anyone challenging a prior conviction as being invalid shall file a written response to the information. Defendant filed no such written response. Because he did not file a response to the habitual offender bill of information challenging the constitutionality of the predicate pleas, the State was not required to present proof of compliance with Boykin rules to prove the free and *874 voluntary nature of the pleas. State v. Shelton, 621 So.2d 769 (La.1993). Nevertheless, the State points out that the record in this case is replete with evidence of Boykin compliance prior to entry of the predicate pleas. Waiver of rights forms and minute entries of the predicate pleas were admitted into evidence at the multiple offender hearing, indicating that defendant was represented by counsel and that he was advised of his Boykin rights and waived them.
Also, although not preserved for appellate review, we nonetheless find that the fingerprint evidence was sufficient to establish that the defendant herein was the same person who pled guilty to the predicate offenses.
In the multiple bill of information, the State alleged that in addition to the instant conviction of first degree robbery, the defendant also pled guilty to armed robbery on September 29, 1993 in case number 93-2149 in Jefferson Parish and that he had pled guilty to simple robbery on March 18, 1991, in case number 90-5486 in Jefferson Parish.
At the habitual offender hearing, the State introduced a certified copy of the 1991 predicate conviction, which contains a waiver of rights form, minute entry and commitment evidencing the plea to simple robbery on March 18, 1991. Likewise, the certified copy of the 1993 predicate conviction contains a waiver of rights form, and a minute entry/commitment evidencing the plea to armed robbery on September 29, 1993. Sergeant Patricia Adams, a fingerprint identification expert, testified that the defendant's fingerprints taken in court that day matched the fingerprints on the copies of the arrest registers from the predicate offenses. Additionally, the arrest registers were linked to the predicate offenses by the name of the offender, the date of the offenses, the types of offenses and item numbers.
This Court has held that testimony comparing a defendant's current fingerprints with fingerprints found on prior arrest records is sufficient to prove that the defendant was the person convicted of a prior felony. State v. Bell, supra, 709 So.2d at 926; See also State v. Simmons, 95-309 (La.App. 5th Cir. 10/18/95), 663 So.2d 790, 796.
We find that the State has carried its burden of proving that the defendant was the same person who pled guilty to simple robbery and to armed robbery and that there was adequate proof of the free and voluntary entry of the predicate guilty pleas.
Lastly, defendant complains that the State did not enter evidence of the dates on which he was released from custody for the prior convictions, therefore, the evidence was insufficient to show the prior offenses fell within the cleansing period established under La. R.S. 15:529.1(C).
It is well settled that although the State must generally prove the date of discharge on a predicate offense, if less than the cleansing period has elapsed between defendant's conviction on a predicate felony and his commission of a subsequent felony, the State need not prove the date of discharge on the earlier sentences. State v. Humphrey, 96-838 ( La.App. 5th Cir. 4/29/97), 694 So.2d 1082, writs denied, 97-1461 (La.11/7/97), 703 So.2d 35.
In this case, defendant pled guilty to the first offense on March 18, 1991 and to the second offense on September 29, 1993. He committed the instant offense on April 1, 1996. The applicable cleansing period at the time defendant committed the instant offense was 10 years. La. R.S. 15:529.1(C). Evidence of the dates of defendant's release from custody was not necessary in this case.
This assignment of error has no merit.

PATENT ERROR
We have reviewed this case for errors patent and find that the trial court erred in failing to properly advise the defendant of *875 the prescriptive period for post conviction relief.
La.C.Cr.P. art. 930.8 provides that a defendant has 3 years after his judgment of conviction and sentence become final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the 3 year prescriptive period at the time of sentencing. The trial court in this case did not so inform defendant.
Therefore, we instruct the trial court to send appropriate written notice to defendant of the correct statement of the law regarding the prescriptive period for post conviction relief and to file written proof in the record that defendant received the notice. See. State v. Kershaw, 94-141 (La. App. 5th Cir. 9/14/94), 643 So.2d 1289.
It is also noted that the commitment erroneously makes reference to defendant being found guilty of Count 1, armed robbery, and this should be deleted. It also makes reference to defendant being found guilty of La. R.S. 14:64.1 F ll. There is no "F ll" in La. R.S. 14:64.1. The transcript correctly states that the defendant was convicted of La. R.S. 14:64.1. Where there is a discrepancy between the minute entry or commitment and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983); State v. Castillo, 97-595 (La.App. 5th Cir. 11/25/97), 705 So.2d 751. Thus, the trial court is also ordered to amend the commitment to remove the reference to the armed robbery conviction on Count 1 and to section "F ll" to La. R.S. 14:64.1.
Accordingly, for the reasons set out above, defendant's conviction for first degree robbery and his sentence to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence are affirmed. The trial court is ordered to amend the commitment to conform with the transcript. The case is remanded to the trial court to provide proof in the record of defendant's receipt of appropriate notice, under La.C.Cr.P. art. 930.8, of the prescriptive period for post conviction relief.
CONVICTION AND ENHANCED SENTENCE AFFIRMED; CASE REMANDED.
NOTES
[1] In Robertson, the Louisiana Supreme Court held that an officer's telling the defendant that his soul would be less burdened before God if he confessed was not an improper inducement. Id.