JjMcMANUS, Judge.
Defendant, Jonathan A. Fox, here appeals his conviction for third offense DWI. For the reasons that follow, we affirm Defendant’s conviction and sentence.
STATEMENT OF THE CASE
Defendant was charged in a bill of information on January 20, 2000, with third offense driving while intoxicated in violation of LSA-R.S. 14:98(D). After a trial on May 31, 2000, a six-person jury unanimously found Defendant guilty as charged. Defendant was subsequently sentenced to five years at hard labor with the first six months to be served without the benefit of probation, parole or suspension of sentence. In addition, Defendant was ordered to pay a $2,000.00 fine and his car was ordered to be seized, impounded and sold at auction. Thereafter, he filed a Motion to Reconsider Sentence which was denied by the trial court. Defendant now appeals his conviction and sentence.
FACTS
On April 6, 1999, Stephanie Toups was stopped at a red light on Jefferson | ^Highway at its intersection with Sauve Road when Defendant, Jonathan Fox, rear-ended her vehicle. The impact was so forceful that it pushed Ms. Toups’s vehicle through the intersection. Defendant fled the scene of the accident and was followed by Shane Bouvier, who had been stopped at the same red light and witnessed the accident.
Mr. Bouvier followed Defendant to an auto repair shop at which time Mr. Bouvier flagged down a passing police officer, Deputy Roy Guggenheim. Defendant subsequently moved his car to a used car lot. Trooper Robert Cousins subsequently arrived at the scene and observed Defendant as he was being carried into an ambulance. Trooper Cousins noted Defendant’s eyes were glassy and his speech was slurred. At the hospital, Trooper Cousins saw Defendant staggering down the hallway and leaning on the wall for support. Defendant told Trooper Cousins that he had taken Vicodin and Soma. Defendant submitted to a urinalysis which revealed the presence of hydrocodone, an active ingredient in Vicodin.
Defendant was later arrested at his residence where he was found hiding under a bed.
REVIEW PURSUANT TO ANDERS v. CALIFORNIA
Defense counsel has filed a brief pursuant to the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), discussed in State v. *27 Benjamin, 573 So.2d 528 (La.App. 4 Cir. 1990), approved by State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, and adopted by this Court in State v. Bradford, 95-929, 95-930 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108. In particular, counsel has asserted that he could not find any non-frivolous issues to raise on appeal and seeks to withdraw as defense counsel. In his brief, defense counsel addresses and dismisses as possible issues the sufficiency of evidence and excessiveness of sentence. Neither defense counsel nor the State noted any errors patent.
lain conformity with established procedure, therefore, upon receipt of defense counsel’s Anders brief, this Court mailed Defendant a certified letter advising him that his appellate counsel had found no non-frivolous issues for appeal and gave Defendant until October 26, 2000, to file a supplemental brief if he so desired. As of this date, Defendant has not filed a supplemental brief.
In State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242, the Louisiana Supreme Court revisited the Anders procedures outlined in State v. Benjamin, supra, and adopted by this Court in State v. Bradford, supra, and stated that the brief filed by defense counsel “must review not only the procedural history of the case and the' evidence presented at trial but must also provide ... a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Defense counsel is required to “cast an advocate’s eye over the trial record and consider whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, supra at 242.
In the present case, appellate counsel’s brief adequately reviews the procedural history of the case and the evidence presented at trial, and provides a detailed assessment of whether the appeal is worth pursuing, thereby satisfying the requirements of Jyles.
When an Anders brief is filed, the appellate court reviews (1) the bill of information or indictment to insure the Defendant was properly charged; (2) all minute entries to insure the Defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) all pleadings in the record; (4) a review of the jury sheets; and (5) all transcripts to determine if any ruling provides an arguable basis for appeal. State v. Bradford, supra at 1110-1111.
In conducting this review, there does not appear to be any arguable basis |4for appeal. Defendant was properly charged in the bill of information and was present at all crucial stages of the proceedings. The six-person jury was proper under LSA-C.Cr.P. art. 782 and the verdict was correct. And, the sentence imposed by the trial court is legal as authorized by LSA-R.S. 14:98(D).[1]
In addition, a review of the pleadings and transcripts does not reveal any basis for appeal. Prior to trial, Defendant filed a Motion to Suppress his state *28 ment on the basis it was not free and voluntary. After a hearing, the trial court denied Defendant’s Motion to Suppress his statement. The record reveals that the officer to whom Defendant made a statement testified that he had advised Defendant of his Miranda rights and that Defendant appeared to understand his rights. The officer further testified that he did not threaten Defendant or make any promises to Defendant in exchange for his statement.[2]
Defendant also filed a Motion in Limine seeking to limit the testimony of the victim. In particular, Defendant sought to prevent the victim from testifying regarding the accident, the extent of the injuries she received when Defendant struck her car, and the impact the injuries have had on her life on the basis that such testimony would be prejudicial and irrelevant. A hearing was held and the trial court granted the motion in part and denied the motion in part. Specifically, the trial court ruled the victim could testify about the accident and the nature of | sher resulting injuries but could not testify about the extent of her medical treatment due to the injuries and the impact of the injuries on her life. The trial court is vested with wide discretion in determining the relevancy of evidence and in weighing the probative value of the evidence with its potential prejudice. And, absent an abuse of discretion, the trial court’s ruling will not be disturbed on appeal. State v. Ratcliff, 98-101 (La.App. 5 Cir. 2/23/99), 731 So.2d 356, writ denied, 99-1112 (La.9/3/99), 747 So.2d 541. A review of the record does not indicate the trial court abused its discretion in limiting the nature and extent of the victim’s testimony.
Furthermore, there appears to be sufficient evidence to support Defendant’s conviction for third offense driving while intoxicated. The standard of review for assessing the sufficiency of evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Defendant stipulated to two prior convictions for driving while intoxicated. Thus, defense counsel correctly pointed out that the State only needed to prove at trial 1) that Defendant was operating a vehicle and 2) that he was under the influence of alcohol or drugs at the time. LSA-R.S. 14:98(A). There was no question that Defendant was operating the vehicle. There was evidence that Defendant was driving erratically as he left the scene of the accident. In addition, Trooper Cousins noted that Defendant’s speech was slurred and he had difficulty walking. Further, Defendant admitted that he had taken Vicodin and Soma. And, a urine test confirmed the presence of hydrocodone, an active ingredient in Vicodin. Thus, there *29 was ample evidence to support Defendant’s conviction.
After an independent review of the record and of appellate counsel’s brief, there do not appear to be any errors or issues which, if raised, would “arguably | (¡support an appeal.” State v. Haynes, 96-84 (La. App. 5 Cir. 6/25/96), 676 So.2d 1120, 1122.
ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.
We are satisfied that there are no non-frivolous issues for appeal; we have found no patent errors which require correction. Therefore, we affirm Defendant’s conviction and sentence, and grant Defendant’s appellate counsel’s motion to withdraw.
CONVICTION AND SENTENCE AFFIRMED.

. As pointed out by defense counsel in his brief, even though Defendant received the maximum statutory sentence, it does not appear to be excessive. The individual facts of the case support a maximum sentence. In particular, Defendant fled the scene of the accident he caused without regard for those injured, he attempted to conceal the accident by driving directly to a body shop and, at the time of his arrest, he was found hiding under a bed.

. An inculpatory statement may be introduced into evidence only if it was made after the defendant was advised of his Miranda rights and was made freely and voluntarily and not under the influence of fear, intimidation, threats, inducement or promises. LSA-R.S. 15:451; State v. Watts, 98-1073 (La.App. 5 Cir. 5/19/99), 735 So.2d 866. A determination of voluntariness is made on a case-by-case basis, depending on the facts and cir-cumslances of each situation. State v. Snyder, 97-226 (La.App. 5 Cir. 9/30/97), 700 So.2d 1082. The admissibility of a statement is a determination for the trial judge and his conclusions on the credibility and weight of the testimony relating to the voluntary nature of the statement are entitled to great weight and will not be overturned unless unsupported by the evidence. State v. Watts, supra.