679 So.2d 469 (1996)
STATE of Louisiana, Appellee
v.
Joseph D. DOUGLAS, Appellant.
No. 28518-KA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1996.
*470 Jones & Charles by Charles D. Jones, Monroe, for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, and Donald E. Hathaway, Jr., Assistant District Attorney, for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
PER CURIAM.
The defendant, Joseph D. Douglas, appeals as excessive his sentence to three years at hard labor for the offense of indecent behavior with a juvenile. We affirm the conviction and sentence.

FACTS
The defendant is the stepfather of the thirteen year old victim. On several occasions between November, 1993 and January, 1994, the defendant was at home with the victim while the victim's mother was at work. The defendant allowed the victim to have sex with teenage boys, but demanded that she have sex with him also, in exchange for letting her entertain the boys. The defendant's wife discovered the activity and confronted the defendant. The defendant admitted that he had engaged in sexual intercourse with the victim several times.
On April 22, 1994, the defendant was charged by bill of information with molestation of a juvenile. On November 14, 1994, the defendant entered a plea of guilty to the offense of indecent behavior with a juvenile. The defendant appeared before the court for sentencing on May 5, 1995. He was sentenced to serve three years at hard labor, with credit for time served. The defendant was correctly informed of the delays for making application for post-conviction relief. An application for rehearing was denied on September 19, 1995. The defendant appealed, arguing that the sentence imposed is excessive and shows little regard for the Louisiana Sentencing Guidelines. This argument is without merit.

EXCESSIVE SENTENCE
Prior to imposing sentence, the district judge reviewed a pre-sentence investigation report which included a guidelines worksheet.[1] Under the guidelines, the indecent behavior count, coupled with defendant's lack of criminal history, placed him in grid cell 5-F. The designated sentence range was 18-30 months incarceration or 90-135 intermediate sanction units.
However, the judge found this was not a typical case. The court stated that the defendant's behavior of engaging in sexual intercourse with his young stepdaughter on several occasions was completely reprehensible. Further, the defendant obtained a substantial reduction in his penalty exposure by *471 virtue of his plea bargain agreement. Defendant used his relationship to the child, and his control over her, to facilitate the commission of the offense. Other than the fact that the defendant was a first felony offender, there were no mitigating circumstances. The defendant's assertion that the trial court did not properly consider the sentencing guidelines is without factual basis.
According to State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237, a trial judge, having properly considered the guidelines, has complete discretion to reject the guidelines and impose any sentence which is not constitutionally excessive, provided that the trial court states for the record the considerations taken into account and the factual basis for imposition of sentence. When the trial judge has considered the guidelines and imposes a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, the reviewing court is limited to the question of constitutional excessiveness, without regard to whether the trial judge employed or deviated from the guidelines. State v. Smith, supra; State v. Tuttle, 26,307 (La.App.2d Cir. 9/21/94), 643 So.2d 304; State v. Walters, 26,647 (La.App.2d Cir. 12/7/94), 648 So.2d 7.
The trial court considered the sentencing guidelines and determined that an upward deviation was warranted. Therefore, the requirements of State v. Smith, supra, were met in this case. Our inquiry then becomes whether the sentence imposed was unconstitutionally excessive.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App.2d Cir.1989).
A substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the more serious offense originally charged, is a legitimate consideration in sentencing. La.S.G. § 209(B)(22); State v. Smack, 425 So.2d 737 (La.1983); State v. Chriceol, 26,449 (La.App.2d Cir. 10/28/94), 645 So.2d 286.
Because the defendant is a first felony offender whose sentence could have been suspended, defendant argues his sentence is constitutionally excessive. A suspended sentence is not mandated simply because a defendant is a first felony offender. State v. Woodman, 28,004 (La.App.2d Cir. 1/24/96), 666 So.2d 1255; State v. Ferrell, 25,851 (La. App.2d Cir. 3/20/94), 634 So.2d 977; State v. Tolliver, 621 So.2d 17 (La.App.2d Cir.1993).
The record shows that the defendant, although a first felony offender, abused a special position of trust and responsibility over his young stepdaughter. The defendant's repeated criminal actions constitute a series of abhorrent offenses which are unacceptable in a civilized society. Under La. R.S. 14:81, the penalty for indecent behavior with a juvenile is a fine of not more than $5,000 or imprisonment with or without hard labor for not more than seven years, or both. The trial judge showed great leniency in imposing a sentence of incarceration of less than one-half of the maximum authorized by the statute. Also, no fine was imposed. We further note that the court granted the defendant's request for bail pending appeal, even though he failed to appear for at least one proceeding prior to his guilty plea.
We find that the sentence imposed was not unconstitutionally excessive. In excessive sentence assignments, this court recognizes the wide discretion of the trial court and requires a manifest abuse of discretion be demonstrated before setting aside a sentence. State v. Square, 433 So.2d 104 (La. 1983); State v. Madison, 535 So.2d 1024 (La. App.2d Cir.1988); State v. Norrell, 614 So.2d 755 (La.App.2d Cir.1993). The sentence imposed was within the discretionary power of the court and will not be set aside. The *472 sentence was tailored to the offender and the offense and does not shock the sense of justice.

ERROR PATENT
We have examined the record for error patent on the face of the record. We note that the defendant was charged by bill of information with molestation of a juvenile, but entered a plea of guilty to the lesser charge of indecent behavior with a juvenile. The bill of information was not amended in writing. While the better practice is to amend the indictment or information in writing, no formal amendment of this information was required because the crime to which the defendant pled guilty, indecent behavior with a juvenile, is a lesser and included offense of the offense charged in the original bill of information, molestation of a juvenile. State v. Green, 610 So.2d 808 (La.1993). See also State v. Martin, 626 So.2d 961 (La.App. 3d Cir.1993).

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Joseph D. Douglas.
AFFIRMED.
NOTES
[1] The Louisiana Sentencing Guidelines, repealed as of August 15, 1995, were in effect when this sentence was imposed.