705 So.2d 751 (1997)
STATE of Louisiana
v.
Carlos M. CASTILLO.
No. 97-KA-595.
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 1997.
*752 Allison Wallis, Assistant District Attorney, Gretna, for plaintiff-appellee.
Philip E. O'Neill, Gretna, for defendant-appellant.
Before GAUDIN, GRISBAUM and DUFRESNE, JJ.
GAUDIN, Judge.
On May 3, 1996, the Jefferson Parish District Attorney filed a bill of information charging defendant, Carlos M. Castillo, with sexual battery, in violation of LSA-R.S. 14:43.1.
On December 9, 1996, Castillo withdrew his former plea of not guilty and, after being advised of his rights, pled guilty as charged. On March 7, 1997, the court sentenced Castillo to imprisonment at hard labor for a term of three years.
On March 12, 1997, Castillo's new attorney filed a motion for a stay order, motion to withdraw guilty plea and a motion for appeal. The trial court denied the motion for a stay order and motion to withdraw guilty plea and granted the motion for appeal.
On February 11, 1996, the Jefferson Parish police responded to a complaint of indecent behavior with a juvenile. Ms. Rosaura Talavera told police that she had given a birthday party for her nine-year-old daughter, Rita. During a Child Advocacy Center interview, Rita stated that after the party Carlos came into her bedroom gave her a hug, put his hand inside her pants and "rubbed her butt and inserted his finger in her private part." Rita told the defendant to stop and leave her alone. The defendant French kissed her and left. However, Castillo later returned and repeated his earlier actions. The defendant originally denied the allegations; however, after submitting to a polygraph test, he admitted placing his hand inside Rita's pants and touching her on the rear end and vagina for about five seconds. Castillo pled guilty as charged.

ASSIGNMENT NO. 1
The defendant argues that, considering his lack of a prior record and the lack of physical harm to the victim, a sentence of three years without benefit of probation, parole or suspension of sentence is excessive.
A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. See State v. Bradham, 94-71 (La.App. 5 Cir. 5/31/94), 638 So.2d 428. The trial judge has wide discretion in imposing sentences within the statutory limits, and sentences will not be set aside as excessive absent manifest abuse of that broad discretion. See State v. Lanclos, 419 So.2d 475 (La.1982); State v. Riche, 608 So.2d 639 (La.App. 5 Cir.1992), writ denied, 613 So.2d 972 (La.1993).
Here, Castillo pled guilty to sexual battery. The penalty provision for that offense is as follows:
"Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years."
Castillo was sentenced to less than one third the sentence allowable for this offense. The trial judge relied in part on the pre-sentence investigation, which contained allegations by two of the defendant's cousins, who said that Castillo tried to touch them inappropriately when they were young adults. We see no abuse of trial court's vast sentencing discretion.
Considering the cousins' allegations and the nature of the offense charged, this assignment is of no merit.

ASSIGNMENT NO. 2
Castillo argues that the trial court erred in denying his motion to withdraw his guilty plea. He filed a motion to withdraw his guilty plea on March 12, 1997, subsequent to sentencing.
To be valid, a guilty plea must be made knowingly and voluntarily and must not be a product of coercion, intimidation or force. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); and *753 State v. Lewis, 601 So.2d 379 (La.App. 5 Cir.1992). Due process requires, and the record must show, that the plea was made after a knowing waiver of the right to trial by jury, the right to confront one's accusers and the privilege against self-incrimination.
The record reflects that the defendant's guilty plea was properly accepted in compliance with Boykin v. Alabama, supra. Accordingly, this assignment merits little consideration.

ASSIGNMENT NO. 3
The defendant argues that he should be allowed to withdraw his guilty plea because he was unaware that the maximum sentence under the subject statute was 10 years and that a sentence imposed under the statute could not be suspended. At the sentencing hearing, the trial judge said:
"You understand that the maximum sentence for this charge is ten years at hard labor?
"THE DEFENDANT:
"Yes, ma'am."
Additionally, Castillo filled out a waiver of constitutional rights and a plea of guilty form which included a statement that "the maximum sentence is 10 years hard labor."
On March 12, 1996, when Castillo filed a motion to withdraw his guilty plea, he stated that he wished to withdraw his plea because the plea was induced by promises of probation. Castillo offers no support for this contention.
On January 27, 1997, Castillo's trial attorney wrote to him saying:
"I will probably get an opportunity to see the pre-sentence report ahead of time, if not, I will get a chance to look at it that morning and discuss it with the judge prior to the judge passing sentence. I hope that you will be granted probation but you never know what position the judge will take."
Clearly, there was no promise of probation from Castillo's attorney; further, there is no indication in the record that this possibly was even discussed with either the prosecuting attorney or the trial judge.
Likewise, the record does not support Castillo's argument that he would not have pled guilty if he knew he would not be eligible for probation. For not advising him of this, Castillo says, his counsel was ineffective.
Other than Castillo's self-serving statement regarding this, there is no suggestion in the record that had he known of the no probation aspect of the sentence, he would have insisted on going to trial. Under the guidelines of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), an attorney's errors must be serious and must have prejudiced a defendant's cause.
Here, Castillo was fairly Boykinized and he received what could be viewed as a lenient sentence considering what he pled guilty to. Had Castillo gone to trial and been found guilty, perhaps his sentence would have exceeded three years. In any event, while this assignment of error has some merit, it does not mandate the withdrawing of the guilty plea Castillo made.

ERROR PATENT
The record was reviewed for errors patent according to LSA-C.Cr.P. art. 920.
While the minute entry reflects that Castillo was given credit for time served, the trial court failed to do so. Where there is a discrepancy between the minute entry and transcript, the transcript should prevail. See State v. Lynch, 441 So.2d 732 (La.1983).
AFFIRMED.