719 So.2d 1151 (1998)
STATE of Louisiana
v.
Adolph N. DAMMERON.
No. 98-KA-378.
Court of Appeal of Louisiana, Fifth Circuit.
September 29, 1998.
*1153 Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, George C. Wallace, Jr., Gretna, for plaintiff-appellee.
Laurie A. White, Louisiana Appellate project, New Orleans, for defendant-appellant.
Before GAUDIN, DUFRESNE and CANNELLA, JJ.
GAUDIN, Judge.
Adolph N. Dammeron was convicted by a 12-person jury in the 24th Judicial District Court of simple burglary of a pharmacy and sentenced to nine years at hard labor without benefit of parole, probation or suspension of sentence. The trial judge recommended drug treatment. We affirm.
Dammeron on appeal argues (1) evidence was insufficient, (2) his counsel was ineffective and (3) the sentence was excessive. Also, he asks this Court to search for errors patent.

ASSIGNMENT NO. 1
In the early morning hours of May 21, 1996, at approximately 4:30 a.m., Dammeron cut away a two-to three-foot wide section of aluminum siding and entered Majoria drug store in Marrero, Louisiana. The entry triggered a burglar alarm. When police arrived, they found Dammeron in the store along with evidence that he had been attempting a theft.
In this assignment of error, Dammeron says that he was involuntarily intoxicated and had no specific intent to commit a crime.
Dammeron testified at trial. He said that at age 17 he was convicted of armed robbery and attempted murder in Virginia and sentenced to 20 years for each offense. After serving 10 years and being released on parole, he returned to Louisiana and moved into his father's home in Marrero.
Dammeron's parents are both in poor health. Appellant's father, Adolph, testified that on the night of the Majoria drug store break-in, he had secretly placed medication in his son's coffee because he (the son) had been working long hours and not getting enough sleep. The medication included three Placidyl and two Valium pills, the Placidyl tablets being his wife's and the Valium being his.
A defense witness, Robert Fadaol, an expert in pharmacology, testified that the combination of the two medications would produce a drugged condition although he could not say what effect the drugs would have had *1154 on appellant because effects vary with body weight, metabolism and other factors.
When intoxication is used as a defense, a defendant must prove by a preponderance of evidence that he was in fact intoxicated. Here, there were no urine or blood tests. Dammeron's testimonyhe said he "blacked out" and doesn't remember being in the pharmacyand his father's, along with Fadaol's, were offered as proof of involuntary intoxication. When circumstances exist that intoxication could have precluded specific intent, the burden shifts to the state to show beyond a reasonable doubt that specific intent was present. Whether intoxication is sufficient to negate specific intent is a question for the trier of fact. See State v. Leeming, 612 So.2d 308 (La.App. 5 Cir.1992), writs denied at 616 So.2d 681 (La.1993).
It does not appear that Dammeron produced enough evidence to vitiate specific intent. He had the presence of mind and the manual dexterity to carry break-in tools to the drug store, to wear gloves, to remove screws, to displace aluminum siding and to enter through a relatively small opening. He was found inside with a container of the drug Lorcet, identified at trial as a strong pain medication containing Hydrocodone and Acetaminophen, and is a schedule III controlled dangerous substance. Deputy Kenneth Lamulle, who observed defendant for 30 minutes at the scene, testified that Dammeron did not appear intoxicated or impaired.
Further, there is the likelihood that the jury did not believe Dammeron's father, a professed mental patient diagnosed with degenerative dementia.
In any event, Dammeron's own activity in carrying out the break-in would justify a jury determination that specific criminal intent was present and the guidelines of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), had been satisfied.

ASSIGNMENT NO. 2
Dammeron complains that his trial counsel was ineffective because he (1) failed to file a motion to suppress evidence and (2) did not file a motion to reconsider sentence.
A claim of ineffective assistance of counsel is more appropriately addressed through an application for post-conviction relief rather than direct appeal so as to afford the parties an evidentiary hearing before the trial court and create an adequate record for review. See State v. Truitt, 500 So.2d 355 (La.1987), and State v. Brown, 384 So.2d 983 (La.1980). It is well-settled, however, that where the record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy.
From the record, it appears that a Motion to Suppress was included with other pretrial motions and set for hearing on July 30, 1996. The minute entry that date states: "All motions marked satisfied by Donald Sorgnet, defense attorney."
The record also shows that on January 17, 1997, defense counsel filed a discovery motion requesting, among other things, that the state make available for inspection any evidence it intended to introduce at trial. The prosecuting attorney asserted at trial that he had afforded defense counsel "open file" discovery.
Nonetheless, defense counsel objected at trial to the introduction of evidence seized at the crime scene, saying that he had not been informed about it through pretrial discovery.
The evidence introducedtools, etc.was seized pursuant to a valid, in-store arrest and was clearly admissible. For purposes of an ineffective assistance of counsel claim, the filing of pretrial motions is squarely within the ambit of the attorney's trial strategy, and counsel is not required to engage in futility. See State v. Pendelton, 696 So.2d 144 (La.App. 5 Cir.1997).
While the record does not indicate precisely what transpired regarding the filing of a Motion to Suppress and "open file" discovery, it does not suggest that defense counsel was ineffective or that there is reversible error. The failure to file a motion to reconsider sentence has not prejudiced Dammeron inasmuch as this Court is reviewing the sentence for constitutional excessiveness.
*1155 To successfully demonstrate ineffective assistance of counsel, a defendant must show that except for his attorney's unprofessional conduct, the outcome of the trial would have been different. There was no such showing in this case.

ASSIGNMENT NO. 3
The trial judge imposed the maximum sentence primarily because of Dammeron's two previous felony convictions in Virginia and the fact that he was still on parole for those crimes when he broke into the Marrero drug store. Defense witnesses vouching for Dammeron's good character were to no avail.
A trial judge has wide discretion in sentencing. Here, there was no abuse.
We note that the state could have but did not file a multiple offender bill of information, which probably could have subjected Dammeron to an enhanced penalty.

ERROR PATENT
We found three errors patent, all requiring corrective action in the trial court.
The defendant was charged as "Adolph N. Dammeron" but he is referred to throughout the trial transcript as "Adolph N. Dammerau," his correct name. He was sentenced as "Adolph N. Dammerau."
Although the defendant's correct name was revealed during the course of the trial, the trial court did not amend the Bill of Information. While such an amendment is mandated, it does not appear that the failure to amend the bill in this case caused prejudice to the defendant. He admitted during his testimony that he was the same person who was apprehended at Majoria Drugs, thus alleviating any ambiguity caused by the bill. Moreover, the defendant did not object at trial to the misstatement in the Bill of Information. Nonetheless, corrective action is required. We remand so that the Bill of Information and other meaningful documents, including the case's title or heading, can be changed from Dammeron to Dammerau.
LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three-year prescriptive period at the time of sentencing. The trial court in this case did not so inform the defendant. We remand for the trial judge to send written notice of this article's provisions to the incarcerated defendant and to file written proof in the record that the notice was received.
The sentencing transcript reflects that the trial judge imposed the sentence without benefit of parole, probation or suspension of sentence, as required by LSA-R.S. 14:62.1 B. The commitment form does not, however, reflect that the sentence is to be served without these benefits. Where there is a discrepancy between the transcript and the minute entry, the transcript will prevail. See State v. Lynch, 441 So.2d 732 (La.1983); and State v. Castillo, 705 So.2d 751 (La.App. 5 Cir.1997). On remand, the trial court is instructed to amend the commitment form to conform with the transcript.
Appellant's conviction and in-court sentence are affirmed. We remand only for the trial court to take corrective measures as specified.
AFFIRMED EXCEPT FOR SPECIFIED CORRECTIVE ACTION.