775 So.2d 640 (2000)
STATE of Louisiana, Appellee,
v.
Jeffery SMITH, Appellant.
No. 34,325-KA.
Court of Appeal of Louisiana, Second Circuit.
December 20, 2000.
*641 Amy C. Ellender, Louisiana Appellate Project, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Laura O. Wingate, Assistant District Attorney, Counsel for Appellee.
Before BROWN, WILLIAMS and GASKINS, JJ.
PER CURIAM
The defendant, Jeffery Smith, entered a plea of guilty to sexual battery and was sentenced to serve five years at hard labor, without benefit of parole, probation, or suspension of sentence. He now appeals the sentence as excessive. We affirm the conviction and sentence.

FACTS
On April 5, 1998, the defendant arrived at his grandmother's home as she was leaving. He entered the house and engaged in a nonconsensual act of sexual intercourse with a 14-year-old female relative. The child later told adults about the incident and the defendant was arrested. He was originally charged with forcible rape, which was later amended to carnal knowledge of a juvenile and finally to sexual battery. The defendant elected a trial *642 by jury and a jury was chosen. However, after the trial court ruled that his inculpatory statements were admissible, the defendant entered a plea of guilty as charged. The trial court informed the defendant of his Boykin rights and determined that the 33-year-old defendant had attended four years of college. The court advised the defendant of the sentencing range for sexual battery. The court determined that there was a factual basis for the plea and that the plea was made freely and voluntarily. A presentence investigation (PSI) was ordered.
The defendant appeared before the court for sentencing on April 12, 2000. He expressed remorse for his crime and apologized to the victim. The defendant was then sentenced to serve five years at hard labor without benefit of parole, probation, or suspension of sentence, with credit for time served. The defendant was also properly informed of the time limit for seeking post-conviction relief. A timely filed motion to reconsider sentence was denied by the trial court. The defendant now appeals his sentence, claiming it is excessive and arguing that the trial court did not adequately comply with La.C.Cr.P. art. 894.1 in articulating the reasons for the sentence imposed. According to the defendant, because the record is devoid of any factors justifying the sentence imposed, the sentence should be vacated and the case remanded for resentencing in a manner consistent with La.C.Cr.P. art. 894.1. The defendant also argues that a sentence of five years at hard labor without benefit of parole, probation or suspension of sentence, for a first felony offender is unconstitutionally excessive.

DISCUSSION
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641.
Our examination of the record discloses that the trial court did not articulate reasons for sentence. However, failure to comply with article 894.1 does not automatically render a sentence invalid. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Delaughter, 29,974 (La.App.2d Cir.12/10/97), 703 So.2d 1364, writ denied, 98-0018 (La.5/1/98), ___ So.2d ___, 1998 WL 234691. The question is whether the record presented is sufficient to demonstrate that the trial court did not abuse its discretion. State v. Davis, 448 So.2d 645 (La.1984).
Prior to imposing sentence, the district court reviewed a PSI report. The court listened to the defendant's apology to the victim and her family. The court then stated that, based upon its "reading of similar cases and considering the totality of circumstances surrounding the offense," the defendant would be sentenced to the term imposed. Although the court did not articulate any information about the defendant's background, the details of the criminal conduct involved are found in the PSI, the transcript of the preliminary examination and the other matters of record.
The record further shows that the defendant was 33 years old at the time of sentencing. He had a bachelor's degree in computer science. The PSI report, which was examined by trial defense counsel, shows that the defendant is a first felony offender with no juvenile record. It discusses his family situation, educational background, his lack of a military record, his employment history and indicates he has an infant son who lives with the child's mother. His only conviction was for DWI in 1995. Therefore, we conclude that the *643 record presented sufficiently shows an adequate factual basis for the sentence imposed and therefore, remand is not necessary.
The second prong or question in an excessiveness inquiry is whether the sentence imposed is unconstitutionally excessive. Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
On this record, we do not find constitutional error. Under La.R.S. 14:43.1, the penalty for sexual battery is imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence for not more than ten years. The defendant was a mature, college-educated adult at the time of the instant offense. The offense of conviction does not adequately describe his criminal conduct. As a person considered to be a family member, he abused a position of trust when he violated the young victim's chastity while she was left alone with him. The sentence imposed is lawful and is only one-half of the maximum sentence that could have been imposed. It is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. There is no showing of a manifest abuse of the district court's broad discretion. Therefore, the sentence is not constitutionally excessive. The assigned errors are without merit.[1]

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Jeffery Smith.
AFFIRMED.
NOTES
[1] We have examined the record for error patent and have found none.