I JAMES L. CANNELLA, Judge.
The Defendant, Richard Randolph, appeals from his conviction of attempted aggravated oral sexual battery and his sentence to five years imprisonment at hard labor. For the reasons which follow, we affirm the conviction and sentence and remand.
Two young girls, ages ten and eleven, were at the Defendant’s apartment working on a school project with the Defendant’s girlfriend, Andrea Melancon (Me-lancon). Melancon had invited the girls to the apartment to help them with their project. When the girls arrived, the Defendant was asleep in the back bedroom. He was later awakened and, when Melan-con heard noise coming from the bedroom, she went there. After Melancon came back out, the Defendant walked into the living room with no clothes on and began to shout. Melancon and the eleven year old girl hurriedly left the apartment. The ten year old girl was left in the apartment. The Defendant allegedly grabbed her roughly and |sforced her down on the sofa. He then placed his penis near her face and told her to perform oral sex on him. The girl refused and turned her head away. The Defendant released his grip on the girl and she ran outside. The police were called.
When Deputy Claude Adams arrived on the scene, he saw red marks on the ten year old’s neck, some scratching and a mark on her forehead. The eleven year old stated that, before she ran from the apartment she saw the Defendant hit the other girl. When the ten year old girl came out of the apartment she was crying. Deputy Adams observed that both girls were visibly shaken. Melancon had gone back into the apartment and was locked in the apartment with the Defendant. They refused to come out. Deputy Adams eventually forced his way inside the apartment and arrested the Defendant.
The Defendant was charged by bill of information with attempted aggravated oral sexual battery in violation of La. R.S. 27/43.4.[1] Following a one day trial on June 27, 2000, the jury found the Defendant guilty as charged. A pre-sentence report was ordered and completed. On November 9, 2000, the trial court sentenced the *1213 Defendant to a term of five years imprisonment at hard labor, with credit for time served. It is from this conviction and sentence that the Defendant appeals and assigns two errors.

ASSIGNMENT OF ERROR NUMBER ONE

By this assignment of error the Defendant argues that the evidence was insufficient to support his conviction, because (1) the State failed to prove that the Defendant, due to his intoxication, was able to form the required specific intent, |4and (2) there was insufficient evidence of the attempted oral sexual battery because of inconsistencies in the testimony.
La. R.S. 14:15 addresses the use of intoxication as a defense and provides in pertinent part:
The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:
(2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime.
When a defendant raises intoxication as a defense, he must prove, by a preponderance of the evidence, that he was in fact intoxicated and the degree of intoxication. State v. Leroux, 94-133 (La.App. 5th Cir.7/26/94), 641 So.2d 656. When circumstances exist which indicate that intoxication could have precluded specific intent, the burden shifts to the state to show, beyond a reasonable doubt, that specific intent was present. State v. Patterson, 99-994, p. 8 (La.App. 5th Cir.1/25/00), 752 So.2d 280, 284; State v. Dammeron, 98-378, pp. 2-3 (La.App. 5th Cir.9/29/98), 719 So.2d 1151, 1154.
Specific intent is defined as “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La. R.S. 14:10(1). Whether intoxication is sufficient to negate specific intent is a question for the trier of fact. State v. Patterson, supra; State v. Leeming, 612 So.2d 308, 313 (La.App. 5th Cir.1992), writ denied, 616 So.2d 681 (La.1993).
This Court must decide whether, viewing the evidence in the light most | ¿favorable to the prosecution, any rational trier of fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676, 678 (La.1984); State v. Patterson, 99-994 (La.App. 5th Cir.1/25/00), 752 So.2d 280, 283. The reviewing court is to consider the record as a whole, and if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305, 1311 (La.1988).
The primary evidence of the Defendant’s intoxication came from the Defendant himself. He testified that some time after 2:00 p.m. he purchased and consumed about three-fourths of a fifth of vodka and Kahlua by drinking three large “White Russians.” He also stated that he drank 4 or 5 beers. He testified that he was drunk at the time of the incident. Melancon testified that the Defendant had been drinking, but she did not know how much. She had not seen him drink anything. The Defendant was asleep before she arrived home. The eleven year old girl also testified that she could smell alcohol when the Defendant came into the room and that he was stumbling when he appeared.
However, the ten year old girl testified that, when the Defendant came into the *1214 living room, the girls were frightened and started “scooting” next to each other. She testified that the Defendant yelled at them that they did not need to be scooting by each other, indicating the Defendant’s awareness of what was happening. Further, the Defendant himself testified that he remembered what happened on the night of the incident and that he was certain that he did not try to force the girl to perform oral sex on him and that he did not hit her.
As stated above, when a defendant raises intoxication as a defense, it is his | ^burden to prove, by a preponderance of the evidence, that he was in fact intoxicated to the extent that he could not have formed the requisite specific intent. Based on the record before us in this case, we find that the Defendant herein did not meet his burden of proof. While he testified that he was intoxicated, he also stated that he remembered what happened on the night in question. There was also testimony showing the Defendant’s awareness of what was happening at the time. Thus, even if we were to accept the Defendant’s testimony regarding the amount of alcohol that he consumed, we would still find that the State proved beyond a reasonable doubt that the Defendant was able to form the requisite intent, that is, that he was aware of his actions and actively desired the prescribed criminal consequences to follow his actions.
The Defendant also argues that there are inconsistencies in the testimony of the witnesses that give rise to a reasonable doubt as to whether the attempted oral sexual battery occurred. He points to the conflicts in the testimony, concerning the injuries allegedly sustained by the ten year old and whether her screams could be heard during the attack, in support of his position that the State failed to prove the offense.
We find these discrepancies in the testimony to be irrelevant regarding proof of the commission of the attempt oral sexual battery. The ten year old testified unequivocally that the Defendant held her down and placed his penis near her face and told her to perform oral sex on him. The Defendant denied those actions. The jury obviously chose to believe the child rather than the Defendant. The child’s specific testimony along with the scratches on her body, her frightened condition and the testimony of the other witnesses provide sufficient evidence of the commission of the charged offense. Based on the |7evidence presented, any rational trier of fact could have found that the State proved the essential elements of the crime of attempted oral sexual battery upon a juvenile, beyond a reasonable doubt. Thus, we find that this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO

By this assignment of error the Defendant argues that his sentence is excessive. He primarily bases this argument on his intoxication at the time of the offense and on the trial judge finding that he would not have carried through on his attempted act. Thus, he argues that the five year sentence was excessive.
A sentence is excessive and in violation of the Louisiana Constitution if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. La. Constitution of 1974, Art. I, § 20. A crime and punishment are considered in light of the harm done to society, or whether it is so disproportionate as to shock the sense of justice.
The sentencing range statutorily prescribed for the offense of attempted oral sexual battery is imprisonment, with or without hard labor, for not more than ten years. In this case, the trial court sentenced the Defendant to imprisonment *1215 at hard labor for five years, with credit for time served.
The trial court ordered a pre-sentence investigation report before the sentencing. The report, which is in the record, indicates that the Defendant has a lengthy arrest record, involving arrests in a number of states and spanning a period of 30 years. He also has convictions for aggravated battery, drinking in public and using marijuana. The trial judge took these convictions into consideration. In his reasons for judgment, the trial judge stated for the record | sthat a lesser sentence would deprecate the seriousness of the offense and that the Defendant was in need of a custodial environment. He found that the Defendant was “a man who has a caustic, cavalier attitude toward his fellow man.” The trial court specifically found that the evidence did not show that the Defendant could not or did not know of his actions and that the crime involved a youth, someone who could not defend or protect herself. The trial court also stated that it would not suspend the sentence because there was a child involved and it was a serious offense.
It is clear from a review of the record that the trial court particularized the sentence to the offender and the offense. The trial judge expressly rejected the Defendant’s intoxication defense and was concerned about the age of the victim. The judge also gave consideration to the Defendant’s past criminal record and that he did not complete the offense. Based on the foregoing, we cannot say that the sentence imposed was grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. Thus, we find no merit to this argument.

ERROR PATENT REVIEW

The record was reviewed for errors patent on its face, according to La.C.Cr.P. art. 920.
We note that the Defendant was charged with and convicted of a “sex offense” as defined in La. R.S. 15:542(E). However, the trial judge did not provide written notification of the registration requirement of La. R.S. 15:542, as required by La. R.S. 15:543(A). Therefore, we remand the matter to the district court with an order that it send the appropriate written notice to the Defendant of the registration requirements of La. R.S. 15:542, within ten days of rendition of |flthis opinion, and that written proof of compliance and receipt by the Defendant be filed in the record. State v. Stevenson, 00-1296 (La. App. 5th Cir.1/30/01), 778 So.2d 1165.
Accordingly, for the reasons set forth above, we affirm the Defendant’s conviction for attempted aggravated oral sexual battery and sentence of five years imprisonment at hard labor, with credit for time served. The case is remanded to the district court to provide proof in the record of the Defendant’s receipt of the registration requirements for sex offenders as provided in La. R.S. 15:542.
CONVICTION AND SENTENCE AFFIRMED; CASE REMANDED.

. The Defendant was originally charged with attempted aggravated crime against nature on a juvenile. However, the bill of information was amended to charge attempted aggravated oral sexual battery on H.H.