# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**06-0316**

**STATE OF LOUISIANA**

**VERSUS**

**DARRELL BRENT WHATLEY**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT,
PARISH OF EVANGELINE, NO. 64517FA,
HONORABLE JOHN L. VIDRINE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**BILLY H. EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Billy H. Ezell, Judges.

Peters, J., concurs in part, dissents in part, and assigns written reasons.

**SENTENCE AFFIRMED AS AMENDED; REMANDED WITH
INSTRUCTIONS.**

**Raymond J. Lejeune**
**Assistant District Attorney, Thirteenth Judicial Court**
**1401 Poinciana Avenue**
**Ville Platte, LA 70586**
**(337) 363-3438**
**COUNSEL FOR APPELLEE:**
    State of Louisiana

**Anthony C. Dupré**
**Attorney at Law**
**Post Office Drawer F**
**Ville Platte, LA  70586**
**(337) 363-3804**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Darrell Brent Whatley**

**EZELL, Judge**.

This matter is now before us for the fourth time. As was the case in the first three appeals, the Defendant, Darrell Brent Whatley, appeals the sentence imposed upon him by the trial court.

## DISCUSSION OF THE RECORD

The criminal charge in this matter arises from an incident which occurred in the victim's Evangeline Parish home on June 10, 2002. As a result of the events of that day, the State of Louisiana charged the defendant by bill of information with the offense of indecent behavior with a juvenile, a violation of La.R.S. 14:81. After a jury convicted the Defendant of the offense charged, the trial court sentenced him to serve seven years at hard labor, suspended two of the seven years, and ordered that he be placed on three years supervised probation after his release from prison. The Defendant appealed, asserting only that the trial court imposed an excessive sentence. This court agreed. *State v. Whatley*, 03-1275 (La.App. 3 Cir. 3/3/04), 867 So.2d 955 (*Whatley I*). Accordingly, we vacated the Defendant's original sentence and remanded the matter to the trial court for resentencing. *Id*.

On remand, the trial court sentenced the Defendant to serve five years at hard labor instead of seven and suspended eighteen months of the sentence rather than two years. The Defendant again appealed, asserting that the new sentence was excessive. In an unpublished opinion, we again vacated the sentence and remanded the matter for resentencing. *State v. Whatley*, 04-724 (La.App. 3 Cir. 12/8/04) (*Whatley II*). However, in doing so, we did not reach the merits of the appeal. Instead, we recognized that, in suspending eighteen months of the sentence imposed, the trial court failed to place the Defendant on probation as required by La.Code Crim.P. art. 893.

On remand, the trial court sentenced the Defendant to serve five years at hard labor, suspended eighteen months of that sentence, and cured the error recognized in *Whatley II* by placing the Defendant on three years supervised probation to begin upon his release from prison. The Defendant appealed, again raising the excessive sentence argument. In another unpublished opinion, we again vacated the sentence and remanded the matter for resentencing because of errors patent in the sentencing process. *State v. Whatley*, 05-221 (La.App. 3 Cir. 12/30/05) (*Whatley III*). Again, we did not reach the merits of the appeal.

On remand, the trial court sentenced the Defendant to the same sentence as in *Whatley III* and addressed the errors patent recognized in that opinion. Immediately after sentencing, the Defendant entered an oral motion to reconsider the sentence, which the trial court denied. Thereafter, the Defendant perfected this appeal, asserting four assignments of error:

1.     The Trial Court erred in imposing a sentence of five (5) years with the Department of Corrections, eighteen (18) months of which would be suspended, which sentence is excessive and in violation of Article I, Section 20 of the Louisiana Constitution;

2.     The Trial Court erred in failing to comply with the mandatory provisions of Louisiana Code of Criminal Procedure Article 894.1 and failed to give adequate consideration to the substantial mitigating circumstances present in this case;

3.     The Trial Court erred in denying Appellant's Motion to Reconsider Sentence[;]

4.     The Court's sentence of 5 years together with 3 years probation constitutes a sentence of 8 years when the maximum sentence for the defendant's crime is 7 years and the sentence is therefore illegal.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are two errors patent.

First, the trial court failed to establish a payment plan for the restitution ordered as a condition of probation. "This court has found error patent when the trial court fails to establish a payment plan for fees ordered as conditions of probation." *State v. Theriot,* 04-897, 04-898, p. 7 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016, 1021 (citations omitted). In the opinion wherein this court remanded the present case for resentencing, this court specifically instructed the trial court that if it ordered restitution as a condition of probation it "should specifically identify the party to whom the restitution is due, the amount of that restitution, and a payment schedule for that restitution." *State v. Whatley*, an unpublished opinion cited at 05-221, p.3 (La.App. 3 Cir. 12/30/05) (citation omitted). Although the trial court identified the party to whom restitution is due (the victim's family) and set the amount of restitution ($1,651.44), it failed to establish a payment schedule. Thus, the trial court is instructed to establish a specified payment schedule for any restitution imposed as a condition of probation.

Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to all offenders who are convicted of or plead guilty to sex offenses, including indecent behavior with a juvenile. Here, the trial court failed to deny the Defendant diminution eligibility under La.R.S. 15:537(A) for both sentences imposed. In *State v. G.M.W., Jr.*, 05-391, p.2 (La.App. 3 Cir. 11/2/05), 916 So.2d 460, 461, the court stated:

> We note that the second paragraph of La.R.S. 15:537 is clearly directed to the sentencing court, and the trial court's failure to include a denial of diminution of sentence thereunder renders Defendant's sentences illegally lenient. Pursuant to *State v. Williams*, 00-1725 (La. Aa/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences.

Here, the trial court's failure to deny diminution of sentence renders the Defendant's sentence illegally lenient. Therefore, we amend the Defendant's sentences to reflect that diminution eligibility is denied pursuant to La.R.S.

15:537(A). We instruct the trial court to make a notation in the minutes reflecting the amendment.

**OPINION**

The first three assignments of error address the sentencing procedure of the trial court, and, because they are interrelated, we will consider them together. However, in doing so, we initially note that we are limited in our review of these assignments of error because the Defendant's oral motion to reconsider his sentence contained no specific basis for the motion. While La.Code Crim.P. art. 881.1(B) allows for an oral motion at the time of sentencing, the motion must still comply with La.Code Crim.P. art. 881.1(E)(emphasis added), which provides:

> Failure to make or file a motion to reconsider sentence *or to include a specific ground* upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

The failure to include any specific ground for reconsideration, including particularly the trial court's failure to comply with the provisions of La.Code Crim.P. art. 894.1, relegates this court to consideration of "a bare claim of excessiveness" when reviewing the first three assignments of error. *Whatley*, 867 So.2d at 958. Despite being relegated to this basic claim, we find merit in the Defendant's assignments of error.

The initial seven-year sentence was the maximum incarceration sentence that could be imposed for the offense of indecent behavior with a juvenile. La.R.S. 14:81(C). In vacating that sentence in *Whatley I*, we set out the standard of appellate review of a claim for excessive sentence as follows:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of

4

law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The fifth circuit, in [*State v.*] *Lisotta*, [98-648 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, [*writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183),] stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1.    The nature of the crime,

2.    The nature and background of the offender, and

3.    The sentence imposed for similar crimes by the same court and other courts.

*Whatley*, 867 So.2d at 958-59(first two alterations in original).

We then considered the Defendant's sentence with regard to the three factors enunciated in the *Lisotta* decision with the following analysis:

The offense of indecent behavior with a juvenile is a heinous crime. It involves the use of innocent children to satisfy the sexual desires of an adult and requires the commission of a "lewd or lascivious act" upon, or in the presence of the child. La.R.S. 14:81. In this case, the defendant fondled the victim's breasts and buttocks. Clearly, society finds such activity inexcusable. Still, the legislature has seen fit to limit the incarceration penalty to a maximum of seven years at hard labor, and as previously stated, the maximum penalty is reserved for the worst offenders. *Farhood*, 844 So.2d 217.

The Defendant was fifty-three years old at the time of the offense and apparently had led a crime-free life. While the evidence indicates that he did use some physical restraint of the victim, the offense entailed no physical violence. Additionally, despite the clear opportunity to do so, the defendant did not attempt to press his physical and timing

5

advantage on his victim.  Instead, after she rebuffed his advances, he left.  The nature of the Defendant's touching, although inexcusable, is not compatible with the degree of touching associated with those cases in which the courts have chosen to render a maximum sentence.

In this case, the trial court "considered deeply the psychological impact" the defendant's actions had on the victim.  However, the record reflects that the victim admitted that she was already "somewhat depressed" at the time of the incident because of the recent deaths of her great-grandmother, uncle, and a close family friend.  In fact, the victim had seen a physician in April of 2002, or two months before the offense, for "depressive behavior."

*Id.* at 959.

In concluding that the Defendant's offense did not warrant a maximum sentence, we considered a number of decisions upholding maximum or near-maximum sentences imposed on an individual convicted of indecent behavior with a juvenile[1] and concluded that the acts justifying those sentences[2] were far more severe than the acts supporting the Defendant's conviction.[3]

We supplemented this list in *Whatley II* with cases involving sex crimes against a child wherein the sentences ranged from five years at hard labor to one and one-half years at hard labor.[4]  All of these cases also included acts far more severe than those

---

[1]*State v. Delgado*, 03-46 (La.App. 3 Cir. 4/30/03), 845 So.2d 581; *State v. Kirsch*, 02-993 (La.App. 1 Cir. 12/20/02), 836 So.2d 390, *writ denied*, 03-238 (La. 9/5/03), 852 So.2d 1024; *State v. Jordan*, 98-101 (La.App. 3 Cir. 6/3/98), 716 So.2d 36; *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied,* 99-433 (La. 6/25/99), 745 So.2d 1183; *State v. Armstrong*, 29,942 (La.App. 2 Cir. 10/29/97), 701 So.2d 1350.

[2]These ranged from being found naked in bed with a thirteen-year-old female to insertion of the offender's fingers in the victim's vagina.

[3]Specifically, the Defendant hugged and kissed the victim, told her he loved her, rubbed the sides of her breasts, and ultimately slipped his hands into the back of her pants.

[4]*State v. Logwood*, 37,178 (La.App. 2 Cir. 5/14/03), 847 So.2d 115; *State v. Jones*, 34,863 (La.App. 2 Cir. 8/22/01), 794 So.2d 107, *writ denied*, 01-2648 (La. 8/30/02), 823 So.2d 938; *State v. Norwood*, 34,584 (La.App. 2 Cir. 5/9/01), 789 So.2d 614, *writ denied*, 01-1618 (La. 4/26/02), 813 So.2d 1100; *State v. Smith*, 34,325 (La.App. 2 Cir. 12/20/00), 775 So.2d 640; *State v. Collins*, 32,409 (La.App. 2 Cir. 9/22/99), 763 So.2d 618; *State v. Castillo*, 97-595 (La.App. 5 Cir. 11/25/97), 705 So.2d 751, *writ denied*, 97-3202 (La. 5/1/98), 805 So.2d 200; *State v. Douglas*, 28,518 (La.App. 2 Cir. 8/21/96), 679 So.2d 469; *State v. Broussard*, 94-40 (La.App. 3 Cir. 11/23/94), 649 So.2d 726; *State v. Wheat*, 612 So.2d 176 (La.App. 1 Cir. 1992).

supporting the Defendant's conviction.[5]   Additionally, we made the following

comment concerning the trial court's obligation in resentencing the defendant:

> Because we vacate the sentence in its entirety, the trial court is not
> bound to merely correct the restitution error and resentence the
> defendant to the same five-year sentence.  Instead, the trial court is free
> to formulate a sentence that is consistent with the prior instructions of
> this court. . . . If the trial court concludes that an incarceration sentence
> is applicable, it should consider the factual situations in the cases cited
> in *Whatley*, 867 So.2d 955, and compare the sentences imposed in those
> matters to the undisputed facts of this litigation.

*Whatley*, 05-0221, p. 3 (La.App. 3 Cir. 12/30/05).

The current sentence under review is within the statutory limits of La.R.S.

14:81(C).  The nature of the offense of indecent behavior with a juvenile generally

brings to mind the type of activity depicted in the decisions referenced in our prior

opinions.  However, formulating a sentence for one whose acts are similar to those

of the Defendant in this particular case is much more difficult.  Applying the *Lisotta*

factors to the sentence at issue, the first two have not changed.  The offense is still a

heinous crime, and such activity is inexcusable.  Additionally, the Defendant's

background is still the same except that he is four years older.

To effect an analysis of the third *Lisotta* factor, we must again evaluate the

evidence supporting the particular elements of the offense at issue.  In this case, the

Victim testified that, when the Defendant initially entered her home, he hugged and

kissed her.[6]  The Victim testified that, after the Defendant followed her into the

---

[5]These ranged from fondling a child's vaginal area, oral sex and digital penetration to actual sexual intercourse.

[6]In its questioning of the Victim, the State attempted to suggest that the Defendant kissed the Victim a number of times.  However, the Victim never responded to these suggestions, and the gist of her testimony is that the Defendant kissed her only one time and on the lips.  Additionally, other than to say that the kiss was on the lips, the Victim did not elaborate on the nature of the kiss.  The Defendant acknowledged that he kissed the Victim, but stated that he kissed her on the cheek.

bedroom, he commented with regard to the content of the movie she was watching[7] and that, while sitting on the bed with her between his legs, he rubbed her back and neck and touched the side of her breasts through her clothing. As they got up, the Defendant hugged her and placed his hand into the back of her pants.[8] She broke away, and, when she started to leave the house, the Defendant left.

As it applies to this case, the offense of indecent behavior with juveniles is defined in La.R.S. 14:81(A) as "the commission of any lewd or lascivious act upon the person . . . of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person." As stated in *State v. Sturdivant*, 27,680, p. 6 (La.App. 2 Cir. 2/28/96), 669 So.2d 654, 658, "[t]he word 'lewd' means lustful, indecent and signifies that form of immorality which relates to sexual impurity carried on in a wanton manner," and "[t]he word 'lascivious' means tending to incite lust, indecent, obscene and tending to deprave the morals in respect to sexual relations."

These are very broad definitions, but we do know from the jurisprudence that a kiss, even a "french kiss," does not constitute a lewd or lascivious act. *State v. Louviere*, 602 So.2d 1042 (La.App. 4 Cir. 1992), *writ denied*, 610 So.2d 796 (La.1993). Specifically, "[w]ithout genital contact or any other obscene or indecent act or repeated occurrence, [french kisses] fall short of the statutory and judicial requirements of the crime [of indecent behavior with juveniles]." *Id.* at 1044-45.

---

[7]According to the Victim, the movie depicted a fifteen-year-old girl who had become pregnant. She testified that the Defendant made comments to the effect that she should not become involved in sexual activity, but that, if she did, she should come to him.

[8]Although in *Whatley*, 867 So.2d at 956, 959, (alteration in original) this court described this activity as "fondl[ing] the victim's . . . buttocks," the victim described the Defendant's action as only "kind of slipp[ing] his hands in the back of [her] pants."

Thus, only the acts in the bedroom form the basis of this criminal offense. These acts go beyond those cited in *State v. Louviere*.

As previously stated, the decision in *Lisotta* instructs us to review the sentences for similar crimes in determining whether the sentence imposed is excessive. While we might personally believe that the offense deserves a more severe penalty, we are bound by the parameters set by the legislature. In this case, La.R.S. 14:81 provides no minimum sentence[9] and provides for a maximum incarceration sentence of seven years at hard labor. The trial court responded to our opinion that the offense before us did not warrant the maximum sentence by sentencing the Defendant to two years less than the maximum and suspending eighteen months of that sentence.

The State admits in brief that all of the cases providing sentences equal or greater than that imposed on the defendant involved individuals engaged in much more serious sexual activity with their victims than is present in the instant case. Still, the State suggests that "[t]his fact *alone* does not constitute excessive punishment" absent a showing of a manifest abuse of the trial court's discretion. We agree with that comment.

In support of this sentence, the trial court stated that it considered the contents of the presentence investigation report, input from the families of the victim and the Defendant, and the guidelines set forth in La.Code Crim.P. art. 894.1. The trial court also stated its concern with the psychological impact the offense had on the victim. Thus, we uphold the sentence in this matter as it is not constitutionally excessive.

We further find that the sentence imposed is not an illegal sentence, in that, this court has specifically held that "the probationary period is not counted toward the

---

[9]As a first offender, the defendant is eligible for a probationary sentence. La.Code Crim.P. art. 893(A).

9

maximum term for which a Defendant may be imprisoned for an offense." *State v. Dixon*, 02-1265, p.4 (La.App. 3 Cir. 3/5/03) 839 So.2d 1141,1144. We also note that "[A] sentence committing a prisoner to the Department of Corrections is necessarily at hard labor. LSA-R.S. 14:81(C)." *State v. Lisenby*, 534 So2d. 996, 993 (La.App. 3 Cir. 1988).

## DISPOSITION

For the foregoing reasons, Defendant's sentence is amended to reflect that diminution eligibility is denied pursuant to La.R.S. 15:337. Otherwise, the sentence is affirmed. The case is remanded for the trial court to establish a specified payment schedule for any restitution imposed as a condition of probation.

**SENTENCE AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-0316

STATE OF LOUISIANA

VERSUS

DARRELL BRENT WHATLEY

PETERS, J., concurs in part and dissents in part.

The majority concludes that the trial court erred in failing to establish a specific payment schedule for the ordered restitution, and that it erred in failing to deny diminution of sentence as required by La.R.S. 15:537(A). I agree with those conclusions. I further agree with the majority's well-written analysis of the issue now before us. What I respectfully do not agree with is the majority's conclusion that, based on the record before us, the sentence imposed in not excessive. Our appellate review obligation is set by the statute at issue and by the jurisprudence, and my review of the record causes me to conclude that it does not support the sentence imposed.

Louisiana Revised Statutes 14:81(C) provides for a maximum sentence for one convicted of indecent behavior with a juvenile of not more than seven years, to be served with or without hard labor. The statute imposes no minimum and, thus, Defendant's sentence is within the statutory range. However, it is certainly within the higher range of possible sentences.

As individuals we can conclude that the acts of Defendant are so reprehensible that they deserve the maximum or near-maximum sentence, but as judges we must always recognize that "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11, (La.App. 5 Cir.

3/25/03), 844 So.2d 217, 225. Even the State of Louisiana (State) acknowledges that this case does not remotely resemble the most serious of violations of this particular statute, or that Defendant can be categorized as one of the worst offenders.

As pointed out by the majority, our jurisprudential guidance in reviewing a sentence is set forth in *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, and there is no dispute concerning the underlying facts as they relate to the three factors to be considered. First, we recognize that indecent behavior with a juvenile is a heinous crime and such activity is inexcusable in our society. Next, we have to acknowledge that Defendant led a crime-free life for the fifty-three years before this offense, that the offense entailed no physical violence, and that he immediately retreated when rebuffed by the victim. Finally, with regard to the review of sentences imposed for similar crimes, the State also agrees that all prior reported cases imposing a sentence of this magnitude on a defendant for indecent behavior with a juvenile involved activity of a much more serious nature than did the instant case.

Notwithstanding the fact that it agrees that the offense at issue is not one of the most serious violations, that Defendant is not one of the worst offenders, and that the reported cases suggest that the imposed sentence is excessive, the State asserts that because the trial court stated that it considered the content of the presentence investigation report, the input from the families of the victim and of Defendant, and the sentencing guidelines set forth in La.Code Crim.P. art. 894.1, it did not abuse its discretion in sentencing Defendant to a sentence that is within thirty percent of the maximum sentence authorized. Had the trial court stated how it relied on those considerations in imposing sentence, I might agree with the majority's conclusion.

2

However, the record supports only the fact that the trial court *stated* that it had considered those factors—not how those factors affected the imposition of sentence.

The guidelines to be applied in the sentencing process are found in La.Code Crim.P. art. 894.1 which provides in part that the trial court "should impose a sentence of imprisonment" in any of the following situations:

(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.

(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.

(3) A lesser sentence will deprecate the seriousness of the defendant's crime.

La.Code Crim.P. art. 894.1(A).

Additionally, La.Code Crim.P. art. 894.1(B) sets forth thirty-three factors to be considered in determining whether sentences imposed on defendants convicted of offenses which do not fit the criteria of La.Code Crim.P. art. 894.1(A) should be suspended and the defendant placed on probation. However, application of either of these provisions requires that a factual basis support that application. Louisiana Code of Criminal Procedure Article 894.1(C) provides that "[t]he court *shall* state for the record the considerations taken into account *and* the factual basis therefor in imposing sentence." (Emphasis added).

The purpose of obligating a trial court to complete the sentencing record by complying with La.Code Crim.P. art. 894.1(C) "is to insure that each sentence is individualized to the offender and the offense." *State v. Davis*, 511 So.2d 91, 92 (La.App. 3 Cir. 1987). Although the trial count need not articulate every

3

circumstance or use La.Code Crim.P. art. 894.1 as a checklist, the record should sufficiently establish that the trial court considered the guidelines in particularizing a defendant's sentence. *State v. Anderson*, 95-1688 (La.App. 3 Cir. 5/8/96), 677 So.2d 483.

In addition to the facts already stated, other evidence presented in the sentencing proceedings arising from *Whatley I* established that Defendant is parole eligible and there is no impediment to him complying with conditions of probation. Despite this uncontradicted evidence, the trial court sentenced Defendant by doing nothing more than referencing the three factors found in La.Code Crim.P. art. 894.1(A). Thus, despite the State's assertions to the contrary, it is clear from the record that the trial court did not take into consideration the specific content of the presentence investigation report.

Because the trial court concluded that an incarceration sentence was required, it did not address any of the thirty-three factors found in La.Code Crim.P. art. 894.1(B), other than to say that it "considered deeply the psychological impact" Defendant's actions had on the victim. However, the victim did not testify at the sentencing hearing, and the basis for this conclusion came from the victim's mother. As pointed out in *Whatley I*, it is uncontradicted that the victim was already suffering from depressive behavior before the offense.[1]

At the first and second resentencing hearings, the trial court again considered only La.Code Crim.P. art. 894.1(A) in imposing the new sentence. Again, the trial court failed to comply with the provisions of La.Code Crim.P. art. 894.1(C).

---

[1]Evidence introduced in the first resentencing proceedings established that, by the time of the original sentencing proceeding, the victim had returned to a full social life without any apparent long-range devastating effects from the offense.

4

The net effect of all prior sentencing hearings is an articulation that all three factors of La.Code Crim.P. art. 894.1(A) are applicable, but no statement as to why they are applicable. Absent compliance with La.Code Crim.P. art. 894.1(C), the sentence constitutes nothing more than a finding that *any* conviction for this offense requires an incarceration sentence that is within thirty percent of being the maximum allowable. Thus, it is not a sentence that is individualized for this particular defendant.

I would set aside the sentence for the fourth time, finding that the record still does not provide a factual basis to show how this particular defendant is deserving of a sentence equal to that imposed on the much more egregious offenders.